## Case No. 13,417.
### STEVENSON v. KING et al.
[2 Cliff. 1.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1861.

INSOLVENCY — DISCHARGE — EFFECT IN ANOTHER STATE—CONSTITUTIONAL LAW.

A certificate of discharge under the bankrupt or insolvent laws of one state cannot be pleaded in bar of an action brought by a citizen of another state.

Assumpsit [by John Stevenson against Horace King and others] upon a promissory note signed by a firm of which the first defendant was a partner. The case came before the court upon demurrer to the plea filed in bar of the action. The note was dated at New York, and was made payable at the Rockland Bank in Roxbury, Mass. It appeared that the plaintiff was a citizen of New York. Service was duly made upon the defendant first named, who appeared and pleaded a certificate of discharge under the insolvent laws of Massachusetts, after the maturity of the note.

S. G. Clark, for plaintiff, in support of the demurrer.

The insolvent laws of a state can have no effect upon the rights of foreign creditors; therefore a discharge in insolvency under the insolvent laws of a state is no bar to an action on a contract where the creditor is a citizen of another state. Ogden v. Saunders, 12 Wheat. [25 U. S.] 368, 369; Buckner v. Finley, 2 Pet. [27 U. S.] 586; Boyle v. Zacharie, 6 Pet. [31 U. S.] 348, 634, Springer v. Foster [Case No. 13,266]. 3 Story, Comm. § 1103; Woodhull v. Wagher [Case No. 17,975]; Braynard v. Marshall, 8 Pick. 196; Savoy v. Marsh, 10 Metc. [Mass.] 594; Ilsley v. Merriam, 7 Cush. 242; Frey v. Kirk, 4 Gill & J. 509; Donnelly v. Corbett, 7 N. Y. 500; Poe v. Duck, 5 Md 1. Demeritt v. President of Exchange Bank [Case No. 3,780]. The fact that the contract was to be performed at the place of domicile of the defendant cannot affect the question.

J. Wilder May, for defendants.

The debt in this case was provable under the statute, and is discharged by its terms. St. Mass. 1858, c. 163 §§ 3, 7. In this case the contract, by its express terms, was to be performed in Massachusetts. In Ogden v. Saunders, cited by plaintiff, the court say the discharge is invalid against a creditor "who has never voluntarily subjected himself to the state laws otherwise than by the origin of the contract." The implication is,

if the creditor has so subjected himself, then the discharge would be valid against him. The note being made payable in Massachusetts, the general rule is, that its validity, obligation, and interpretation are governed by the law of the place of performance. Story, Confl. Laws, § 280; 2 Kent, Comm. 459; Prentiss v. Savage, 13 Mass. 21. The law of the place of performance is taken into consideration when the contract is made. See Andrews v. Pond, 13 Pet. [38 U. S.] 65; Pope . v. Nickerson [Case No. 11,274]; 2 Pars. Cont. 583. Plaintiff "has subjected himself" to the laws of Massachusetts in making the contract. Whitney v. Whiting, 35 N. H. 457, 462, 472; Scribner v. Fisher, 2 Gray, 43; Burrall v. Rice, 5 Gray, 539; May v. Breed, 7 Cush. 15.

CLIFFORD, Circuit Justice. Since the decision of the supreme court in Cook v. Moffat, 5 How. [46 U. S.] 307, I do not see how there can be any misunderstanding as to what that court has decided upon this subject. Speaking for a majority of the court, Mr. Justice Grier, after referring to the case of Ogden v. Saunders, 12 Wheat. [25 U. S.] 213, and to the case of Sturges v. Crowningshield, 4 Wheat. [17 U. S.] 122, and stating the facts in the former case, says that a majority of the court there decided, first, that a bankrupt or insolvent law of any state, which discharges the person of the debtor and his future acquisitions, is not a law impairing the obligation of contracts, so far as it respects debts subsequent to the passage of such law; second, that a certificate of discharge under such a law cannot be pleaded in bar of an action brought by a citizen of another state. He makes no exceptions to the principle, and plainly did not intend to qualify the doctrine in any respect. On the contrary, he expressly affirms, in the same opinion, that, after the decision of the court in the case of Sturges v. Crowningshield [supra], it followed as a corollary, from the modification and restraint of the power of the states to pass such laws, that they could have no effect on contracts made before their enactment or beyond their territory. Some misapprehension having existed as to what the opinion of the court was, the chief justice also took occasion to express his views upon the general subject. He had ruled the case at the circuit in obedience to what he understood to be the settled doctrine of the court, and a majority of the court affirmed the judgment. Acquiescing in that judgment, as a correct exposition of the law of the court, he nevertheless thought it proper to restate the individual opinion which he entertains. Before doing so, however, he gave a clear, full, and, as I think, satisfactory exposition of what had been previously decided by the court. Those remarks of the present chief justice, taken in connection with the previous explanations given by Chief Justice Marshall, in Boyle

[1] [Reported by William Henry Clifford. Esq., and here reprinted by permission.]

v. Zacharie, 6 Pet. [31 U. S.] 348, and by Mr. Justice Story, in Boyse v. Zacharie, Id. 642, it seems to me, ought to terminate all further discussion upon that point. At all events, the question is at rest in this court, and must remain so for the present, unless it shall be revised by the supreme judicial tribunal of the country. Demurrer sustained. Plea in bar adjudged bad.